UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:09-CR-64-2F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TAVARES L. WATERS, | ) | |
| Defendant. | ) | |

The Defendant, Tavares L. Waters ("Waters"), has filed a motion [DE-175] requesting copies of the transcripts of his plea hearing and sentencing hearing at the government's expense. Waters pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute more than fifty grams of cocaine base (crack), in violation of 18 U.S.C. §§ 841(a)(1), 846. Waters asserts that he is indigent and therefore entitled to copies of both transcripts at government expense. Waters requests these transcripts in preparation for a section 2255 collateral attack on his conviction. Waters did not appeal his conviction.

Section 753(f) of Title 28, United States Code, governs the issue of transcript requests by indigent criminal defendants. Section 753(f) provides that the United States shall pay the fee for a transcript request where the requesting party is permitted to bring an action under section 2255 *in forma pauperis* and "if the trial judge . . . certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit . . . ." 28 U.S.C. § 753(f). Additionally, the United States Supreme Court has held:

> We think that the formula devised by Congress satisfies the equal protection components of the Fifth Amendment. Respondent chose to forgo his opportunity for direct appeal with its attendant unconditional free transcript. This choice affects his later equal protection claim as well as his due process claim. Equal protection does not require the Government to furnish to the indigent a . . . free transcript which it offered in the first instance . . . . The basic question is one of adequacy of respondent's access to procedures for review of his conviction . . . and it must be decided in the light of avenues which respondent chose not to follow as well as those he now seeks to widen. We think it enough at the collateral-relief stage that Congress has provided that the transcript be paid for by public funds if one demonstrates to a district judge that his § 2255 claim is not frivolous, and that the transcript is needed to decide the issue presented. . . .
> . . . .
> . . . Had the District Court here been confronted not with merely a conclusory allegation, but with some factual allegations indicating a denial of respondent's [constitutional rights], the court might have concluded that such a claim was not frivolous, and further decided that a free transcript should be furnished pursuant to § 753(f).

*United States v. MacCollum*, 426 U.S. 317, 325-26 (1976).

The *MacCollum* case establishes that indigent defendants do not have a constitutional right to a free transcript that will assist in a section 2255 collateral attack on their conviction. Accordingly, the Fourth Circuit requires indigent defendants to show a "particularized need" for the documents. *Morin v. United States*, 522 F.2d 8, 9 (4th Cir. 1975); *Jones v. Superintendent, Virginia State Farm*, 460 F.2d 150, 152-53 (4th Cir. 1972). However, if the defendant has personal knowledge of the facts that provide the basis for the collateral attack, the court should deny the transcript request. *United States v. Shoaf*, 341 F.2d 832, 833-35 (4th Cir 1964). A free transcript is not available to defendants who wish to "comb the record in the hope of discovering some flaw." *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963).

Here, Waters seeks a transcript on the basis that he "is preparing to file post-conviction motions," and "[w]ithout access to the transcripts the defendant will be effectively precluded

2

from presenting to this court anything other that conclusory allegations based upon his memory of the trial proceedings which, at this late date, has been distorted by the passage of time." Mot. [DE-175]. This, however does not establish a "particularized need" for the transcript, *see Morin*, 522 F.2d at 9, or that the "transcript is needed to decide the issue presented by the suit or appeal," *see* 28 U.S.C. § 753(f). On the present record, the court cannot "certif[y on these facts,] that the suit is . . . not frivolous and that the transcript is needed to decide the issue presented by the suit . . . ." 28 U.S.C. § 753(f). Accordingly, Waters' motion [DE-125] seeking a copy of the transcripts is DENIED without prejudice.

Nothing in this order prevents Waters from filing a formal section 2255 collateral attack on his conviction. If his section 2255 application survives preliminary screening, the court may allow discovery, including requests for transcripts. Rules Governing Section 2255 Proceedings, Rules 4-6.

SO ORDERED.

This 7th day of December, 2012.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

3